7188

### BROWN v. SOUTHERN RY.

1. RAILROADS —COUPLINGS —NONSUIT —APPLIANCES—ISSUES.—Where, in suit against a railroad company for injuries to a conductor, received in coupling cars, there is evidence tending to show the coupling appliances were defective, the trial Judge properly refused nonsuit on ground that there was no evidence tending to show negligence.

2. IBID.—IBID.—IBID.—IBID.—IBID.—FELLOW-SERVANT.—Motion for nonsuit on ground that injury complained of was caused by negligence of fellow-servant properly refused here, as the evidence tending to show the representative of the master directed the conductor to couple up in hurry; the crew was insufficient and inexperienced; the brakes were defective; necessity to go between cars to effect coupling because of defective appliances; unsuccessful previous effort to couple with iron lever, does not conclusively show the injury was caused by the negligence of fellow-servants.

3. MASTER AND SERVANT.—In an emergency servant may disobey rules of master without forfeiting his right to recover for injury received in so disobeying.

4. EXCEPTION based on request not set out in record will not be considered.

Before WATTS, J., York, February term, 1908. Affirmed.

Action by Mrs. L. P. Brown, admx. of L. P. Brown, against Southern Railway—Carolina Division and Southern Railway. From judgment for plaintiff, defendant appeals.

*Messrs. Abney & Muller* and *McDonald & McDonald,* for appellant. *Messrs. McDonald & McDonald* cite: *Proximate cause:* 79 N. E., 1040; 2 Am. St. R., 204; 31 Am. St. R., 17; 51 Am. St. R., 700; 55 Am. St. R., 728; 57 Am. St. R., 786, 935; 65 Am. St. R., 137; 2 Am. St. R., 193; 46

Am. St. R., 849; 53 Am. St. R., 391; 76 S. C., 202. *Deceased when injured was acting as brakeman:* 12 Ency., 949, 1020; 2 Lab. on M. & S., secs. 633-4; 71 S. C., 56; 72 S. C., 243; 70 S. C., 95; 76 S. C., 455, 549; 80 S. C., 236; 73 S. C., 572. *Sec. 15, art. IX, Constitution, does not apply:* 52 S. C., 438; 56 S. C., 446. *No recovery for negligence of fellow-servant:* 10 L. R. A., 97; 73 S. C., 572; 43 L. R. A., 347; 12 L. R. A., 97; 46 L. R. A., 347; 1 McM., 385; 78 S. C., 413; 79 S. C., 419. *This defense may be proved under general denial: Wilson* v. *R. R.,* 51 S. C.,     ; 55 Mo., 569; 31 Ind., 20. *Violation of rule of master is contributory negligence:* 8 A. & E. Ann. Cas., 1; 118 Fed., 220; 70 S. C., 242; 80 Fed., 488; 80 Ala., 32; 99 Ala., 471; 114 Ala., 131; 41 So., 860; 95 Ill. App., 578; 74 Ind., 440; 76 Ia., 340; 115 La., 86; 83 Mich., 564; 106 Mo., 74; 52 Mo. App., 648; 35 S. W. R., 879; 86 Va., 928; 83 Va., 288; 38 W. Va., 206; 55 Wis., 50; 51 Ark., 477; 94 Mich., 25; 76 Fed. R., 647; 4 Thomp. on Neg., secs. 4434, 4722, 4726; 1 Lab. on M. & S., secs. 324, 337, 364, 365; 2 Id., secs, 623, 629; 118 Fed. R., 230; 41 S. R., 634; 114 Ala., 373; 98 Ia., 514; 88 N. Y., 349; 55 Wis., 50; 121 Ala., 158; 70 S. C., 252; 100 Ga., 618; 94 Ala., 552; 11 S. E. R., 493. *No violation of duty by defendants:* 25 L. R. A., 833; 37 L. R. A., 712; 123 Fed. R., 468; 144 Fed., 605; 152 Fed., 933; 34 Cen. Dig., Mas. & Ser., secs. 171-6; 2 Lab. on M. & S., secs. 596-610.

*Messrs. Jos. A. McCullough, Thos. F. McDow and J. Harry Foster,* contra. *Mr. McCullough* cites: *Proximate cause is for jury:* 38 S. C., 214; 62 S. C., 130; 68 S. C., 55. *Master is liable if negligent, although fellow-servant was negligent:* 52 S. C., 446; 68 S. C., 56. *Servant only assumes risks of usual duties:* 51 S. C., 96; 20 Ency., 132; 12 Ency., 989; 1 Lab. on M. & S., sec. 465. *Obedience of master is not contributory negligence:* 68 S. C., 55; 60 S. C., 17. *Value of life:* 78 S. C., 364. *Contributory negligence:* 61 S. C., 486.

34—82

Mr. Foster cites: *Nonsuit:* 59 S. C., 162; 57 S. C., 429; 61 S. C., 468; 63 S. C., 378; 70 S. C., 250; 21 S. C., 93. *Proximate cause:* Cool. on Torts, 124; Thomp. on Neg., sec. 59; 67 S. C., 61; 116 Fed. R., 867. *Question for jury:* 68 S. C., 489, 55; 40 S. C., 109; 52 S. C., 324; 76 S. C., 202, 207; 77 S. C., 281; Cool. on Torts, 129. *Contributory negligence must be pleaded:* 76 S. C., 529; 74 S. C., 19; 51 S. C., 159, 79; 73 S. C., 503. *Matter set out only in exception not considered:* 76 S. C., 128; 27 S. C., 229; 72 S. C., 125; 36 S. C., 600; 37 S. C., 377; 76 S. C., 411. *Master is liable if he and fellow-servant are both negligent:* 94 Am. St. R., 263; 92 Am. St. R., 862; 60 S. E., 110. *Construction of charge:* 71 S. C., 58; 70 S. C., 492; 65 S. C., 340; 57 S. C., 325; 53 S. C., 123; 59 S. C., 225; 78 S. C., 249; 72 S. C., 46; 73 S. C., 467; 50 S. C., 129; 68 S. C., 505; 25 S. C., 446, 128; 54 S. C., 73; 51 S. C., 312; 40 S. C., 427; 22 S. C., 187.

*Mr. McDow* cites: *Proximate cause is for jury:* 68 S. C., 55. *Rules must give way in emergency:* 68 S. C., 55. *Servant does not assume risk of incompetent servants: Hall v. Ry.,* 81 S. C.; 63 S. C., 559; 70 S. C., 490.

May 8, 1909.   The opinion of the Court was delivered by

Mr. Justice Gary.   This is an action for damages.

The allegations of the complaint, material to the questions presented by the exceptions, are as follows:

"That, heretofore, to wit: On the 9th day of March, 1907, while L. P. Brown was engaged as conductor, in the discharge of his duties in the town of Lancaster, State of South Carolina, he met his death by reason of the joint and concurrent negligence, carelessness, recklessness, wilfulness and wantonness of the defendants, in the following particulars: At the said station, it was the duty of plaintiff's intestate to pick up five freight cars, which were in the siding at the depot, and attach them to his train on the main line; that he cut his engine loose from the cars on the main line, and backed it upon the sidetrack, and coupled to the cars next to

his said engine, for the purpose of pushing the five cars, which he was to pick up, on to the main line, and couple them to his train; and, after pushing the said cars up the grade on to the main line, and while the said L. P. Brown was upon said track and in the discharge of his duties, he was killed, being caught between the cars, which he was to pick up as aforesaid, and the other cars which were coupled to the engine; the said cars, which he was to pick up, rolling down the said grade in the direction of the said L. P. Brown who had his back to them, and the backing cars attached to the engine; which collision was due to the joint and concurrent carelessness, negligence, recklessness, wilfulness and wantonness of the defendants: (a) in not furnishing plaintiff's intestate a safe place to do the work required of him, the said sidetrack from the point of the switch on the main line in the direction of the depot, being upon a dangerously steep grade; (b) in not furnishing plaintiff's intestate with a force of hands sufficiently adequate to handle the said train and cars with safety, and to do the work required of him; (c) the brakes and appliances upon the five cars, which he was to pick up on the said siding, were insufficient and defective; (d) the brakemen furnished to handle the said cars were green, inefficient and inexperinced; (e) in permitting the said five cars, which had been placed on the main line, to roll down the said grade, and in not warning plaintiff's intestate of the danger; (f) in backing the train at the same time, the other cars were rolling down the said grade, without signal to that effect by plaintiff's intestate, and without warning him of the danger; (g) in not furnishing him with appliances, which would enable him to both couple and uncouple the cars, without necessitating his presence between them, the other couplers furnished being unsafe and defective in this particular; (h) this being the second trip of plaintiff's intestate over the said road, furnishing him with a green and inexperienced crew to assist in the management of the said train, and the prosecution of his work."

The defendant, Southern Railway Company, denied the allegations of the complaint, except the corporate existence of the defendants, and set up the defense of contributory ngligence, on the part of the plaintiff's intestate, in endeavoring to cross the track of defendant's railroad while the engine and cars were in motion—the danger being obvious; and, in violating the rules of the defendants, by going between the cars while the same were in motion.

At the close of the plaintiff's testimony, the defendants made a motion for a nonsuit, on the ground that there was no testimony tending to show negligence on the part of the defendants; and further, that the testimony showed the injury was caused by the negligence of a fellow-servant, inasmuch as plaintiff's intestate was injured, while discharging the duties of a brakeman.

This motion was refused.

At the close of all the testimony, the defendants made a motion to direct a verdict, on the grounds just mentioned, and upon the further ground of contributory negligence, on the part of plaintiff's intestate, which motion was also refused.

The jury rendered a verdict in favor of the plaintiff for $8,000.

The first question that will be considered is whether there was error on the part of his Honor, the presiding Judge, in refusing the motion for a nonsuit, on the ground that there was no testimony tending to show negligence.

It is only necessary to state, that there was testimony to the effect that the appliances for coupling the cars were defective, to show that the exception presenting this question can not be sustained.

We proceed to consider whether there was error in overruling the motion for nonsuit, on the ground that the injury was caused by the negligence of a fellow-servant.

George W. Harris, a witness for the plaintiff, testified as follows: "Q. Did you, or did you not, hear Mr. Gillespie tell him (plaintiff's intestate) to slack back, couple up and let's get through? A. Yes, sir; he told him to hurry up and let's get through; he wanted to clear the freight train for the passenger train. Q. The passenger was to come soon? A. Yes, sir. Q. Who was Mr. Gillespie? A. He was a train dispatcher, I think; train master."

There was also testimony tending to show that the crew was insufficient in number; that the brakes were defective, and that it was necessary to go between the cars to effect the coupling; that previous to going between the cars the deceased made several unsuccessful efforts to couple them, by means of an iron lever, fastened on the side of the car.

This case falls within the principle announced in the case of *Hall* v. *Ry.*, 81 S. C., 522, the syllabus of which is as follows: "Nonsuit moved on grounds of assumption of risk and contributory negligence properly refused, as the Court could not conclusively decide from the evidence that plaintiff, a freight train conductor, assumed the risk or was guilty of contributory negligence, in coupling the cars, by going between them when he could make the coupling in no other way, on account of a defective coupling appliance, in such an emergency as would justify a reasonably prudent man in going between the cars, nor could the Court conclusively infer from the circumstances, that it was contributory negligence for him to go a few inches too far, after getting between the cars in making the coupling." See, also, *Carson* v. *Ry.*, 68 S. C., 55, 46 S. E., 525.

This ruling also disposes of the question of contributory negligence.

The next question that will be considered, is whether the plaintiff was precluded from recovering damages, by reason of the fact that her intestate violated the rules of the defendants, forbidding employees to go be-

tween the cars for the purpose of coupling; or to attempt to couple while the train was in motion.

The testimony tended to show that there was such an emergency as required the conductor to couple the cars in the manner hereinbefore set forth. The case, therefore, comes within the rules stated in *Hall* v. *Ry.*, 81 S. C., 522.

4      The third exception, relating to punitive damages, can not be considered, for the reason that the request therein mentioned, is not set out in the record.

The foregoing conclusions practically dispose of all questions raised by the exceptions.

The judgment of the Circuit Court is affirmed.